UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                              Plaintiff,<br><br>v.<br><br>BARRINGTON PARK OWNER LLC, et al.,<br><br>                              Defendants. | 23-CV-9972 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On February 6, 2024, the Court entered an Interim Order Appointing a Receiver. *See* Receivership Order, ECF No. 71. Pursuant to the Receivership Order, the Receiver took exclusive possession and control of twenty-seven (27) multi-family apartment complexes located in Alabama, Arkansas, Florida, Mississippi, Louisiana, Ohio, Tennessee, and Texas (the "Receivership Estate"). Under Section 2.xviii of the Receivership Order, the Receiver is authorized to "[s]eek and obtain instruction from the Court concerning the Receivership Estate, the exercise of [the] Receiver's powers and performance of [the] Receiver's duties." Receivership Order 4. Pursuant to the Receivership Order, the Receivership Estate includes both (1) the real property under the "Loan Agreement, Note, Mortgages, and other Loan Documents, all as identified and defined in the Complaint," *see* ECF Nos. 1-35; 1-79; and (2) "all other secured collateral of Plaintiff," whose commercial loan is secured by the Receivership Estate. *See* Receivership Order.

On June 6, 2024, the Receiver asked the Court, among other things, to set a discovery schedule to develop the record as to the scope of the Receivership Estate. *See* Receiver Letter-Motion, ECF No. 84. There is a dispute between the Lender and Defendant Shadow Creek

Owner, LLC, regarding the scope of the Lender's secured collateral concerning the Shadow Creek Apartments.  *See* Instruction Motion, ECF Nos. 81-82.  The Shadow Creek Apartments includes two apartment complexes, (1) 2807 Daniel McCall Drive, Lufkin, Texas 75904 ("Tract 1"); and (2) 3100 Daniel McCall Drive, Lufkin, Texas 75904 ("Tract 2").  *See* Giddings Decl. ¶ 4, ECF No. 82.  The Receiver argued that discovery is necessary to determine whether Tract 2 is a part of Plaintiff's secured collateral, and thereby part of the Receivership Estate.  *See* Receiver Letter-Motion.

The Court directed the parties to file a response to Receiver's request for discovery with respect to the Receiver's Instruction Motion.  *See* ECF No. 85.  Plaintiff filed a letter in support of the Receiver's Letter-Motion, ECF No. 86, and Defendants did not file a response.  The Court therefore considered the Receiver's request for discovery to be unopposed and directed the parties to jointly propose a discovery and briefing schedule.  *See* ECF No. 87.  As directed, the Receiver and Plaintiff filed a proposed discovery and briefing schedule on June 20, 2024.  *See* ECF No. 88.  Separately, on June 21, 2024, Defendants filed a letter requesting a conference and objecting to discovery.  *See* Defs.' Letter, ECF No. 89.  On June 24, 2024, the Receiver filed a letter in response to Defendants.  *See* ECF No. 90.

It is hereby **ORDERED** that Defendants' request for a conference is **DENIED**.  For the reasons stated below, Receiver and Plaintiff's joint letter-motion is **GRANTED**.

Defendants object to discovery, arguing that "any discovery at this point is patently premature," that Plaintiff "has not set forth in any pleading the relief sought with respect to the 3100 McCall Drive Property," and that the Court may not "even have jurisdiction to hear the subject dispute."  Defs.' Letter 2.  But the Receiver has cited evidence "that Tract 2 should have been conveyed to Shadow Creek."  *See* ECF No. 90; *see also* ECF No. 84.  On May 18, 2024, the Receiver notified counsel for Shadow Creek that they would seek instructions regarding

2

Tract 2, given the dispute.  *See* ECF No. 84-2.  Subsequently, Tract 2 was transferred by Special Warranty Deed executed on May 20, 2024, to a grantee that was created in April 2024.  *See* ECF No. 84-1.  The Deed states, "[t]he Property has been in Grantee's *or its affiliates* possession and control since June 19, 2019" (emphasis added).  *Id.*  Notably, the deed was signed on behalf of the grantee by Joseph Chetrit, who is also a principal of Shadow Creek.  *See* ECF Nos. 84, 84-1.  For these reasons, among others, Receiver states, "there is evidence suggesting that Tract 2 is part of Plaintiff's secured collateral, it is appropriate for Receiver . . . to obtain discovery on that issue."  *See* ECF No. 90.

The Court agrees it is appropriate to obtain discovery as to the scope of the Receivership Estate.  First, the Receivership Estate includes all Plaintiff's secured collateral, including all Shadow Creek's real and personal property.  *See* Receivership Order.  Although the current owner of Tract 2 is not a party to this lawsuit, the Court has jurisdiction to determine the scope of the Receivership Estate and Shadow Creek is a Defendant.  Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  And "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery."  *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see In Re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (stating that the district court has "wide latitude to determine the scope of discovery.").

Accordingly, the Court adopts the following discovery and briefing schedules:

I. **Discovery**

1. Requests for production of documents and/or subpoenas shall be served by **July 1, 2024.**

2. Production of documents shall be completed by **July 31, 2024**.

3. Party and non-party depositions shall be completed by **August 30, 2024**.

4. All discovery shall be completed by **August 30, 2024**.

5. The deadlines in paragraphs I(1)-I(4) may be extended by the written consent of all parties without application to the Court, by no more than 30 days.

II. **Briefing Schedule**

1. Opposition to the Instruction Motion shall be filed two weeks after the papers in support are filed.

2. Reply in further support of the Instruction Motion shall be filed one week after any opposition is filed.

3. Papers in support of the Instruction Motion shall be filed two weeks after the end of discovery.

The Clerk of Court is respectfully directed to close ECF Nos. 88, 89.

SO ORDERED.

Dated: June 25, 2024
New York, New York

_____
DALE E. HO
United States District Judge