UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                              Plaintiff,<br><br>v.<br><br>BARRINGTON PARK OWNER LLC, et al.,<br><br>                              Defendants. | 23 Civ. 9972 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

On February 6, 2024, the Court entered an Interim Order Appointing a Receiver. *See* Receivership Order, ECF No. 71. Pursuant to the Receivership Order, the Receiver took exclusive possession and control of twenty-seven (27) multi-family apartment complexes located in Alabama, Arkansas, Florida, Mississippi, Louisiana, Ohio, Tennessee, and Texas (the "Receivership Estate"). Under Section 2.xviii of the Receivership Order, the Receiver is authorized to "[s]eek and obtain instruction from the Court concerning the Receivership Estate, the exercise of [the] Receiver's powers and performance of [the] Receiver's duties." Receivership Order 4.

On May 24, 2024, the Receiver brought to the Court's attention a dispute between the Lender and Defendant Shadow Creek Owner, LLC, regarding the scope of the Lender's secured collateral concerning the Shadow Creek Apartments. *See* Instruction Motion, ECF Nos. 81-82. The Shadow Creek Apartments includes two apartment complexes, (1) 2807 Daniel McCall Drive, Lufkin, Texas 75904 ("Tract 1"); and (2) 3100 Daniel McCall Drive, Lufkin, Texas 75904 ("Tract 2"). *See* Giddings Decl. ¶ 4, ECF No. 82. On June 26, 2024, the Court granted the

Receiver's request to extend discovery to determine whether Tract 2 is a part of Plaintiff's secured collateral.  *See* ECF No. 91.

On August 6, 2024, the parties filed a joint status letter.  *See* ECF No. 97.  Plaintiff requests (1) a 30-day extension to discovery and (2) for leave to serve third-party subpoenas on JP Morgan Chase Bank ("JPMCB"), Iron Hound Management Company, LLC ("Iron Hound"), Ernst & Young ("EY").  *Id.* at 3.  For the reasons stated below, Plaintiff's requests are **GRANTED**.

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  And "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery."  *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see In Re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (stating that the district court has "wide latitude to determine the scope of discovery.").  "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous."  *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).

Defendants object to the third-party subpoenas because "neither Plaintiff nor the Temporary Receiver has explained why such subpoenas could not have been served by the deadline imposed by the Court," which was July 1, 2024.  *See* ECF No. 97 at 3.  Defendants also

contend that the subpoenas "significantly complicates Borrower Defendants' ability to crafts their defenses." *Id.*

On the record before the Court, the Court finds that Plaintiff has established good cause to issue third-party subpoenas and for an extension of discovery, given the recent dispute concerning the Shadow Creek Apartments. Each of the subpoenas would provide relevant information regarding tract 2 of the Shadow Creek Apartments and whether it was to be part of the Collateral Properties. *Id.* As the extension of discovery sought is relatively modest, the Court further finds there is little to no prejudice to Defendants.

Accordingly, the Court adopts the following discovery schedule:

- Production of documents shall be completed by **September 30, 2024.**

- All discovery, including party and non-party depositions shall be completed by **October 30, 2024.** No further extensions will be granted absent compelling circumstances.

- The conference scheduled for August 13, 2024, ECF No. 76, is **ADJOURNED** to **November 12, 2024, at 10:00 a.m. ET.** The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 193 732 357, followed by the pound sign (#). The parties shall submit a joint status letter by **November 5, 2024.** The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program.

SO ORDERED.

Dated: August 7, 2024
       New York, New York

                                                       DALE E. HO
                                      United States District Judge