UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

                              Plaintiff,

              v.

BARRINGTON PARK OWNER LLC, et al.,

                              Defendants.

23 Civ. 9972 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo" or "Plaintiff") is a current owner and holder of a loan bringing an action against forty-three defendants ("Borrower Defendants").  *See* Compl., ECF No. 1.  Before the Court is Defendants' motion to dismiss the second cause of action.  For the reasons stated below, Defendants' motion is **DENIED**, without prejudice to renewal.

## BACKGROUND

The following facts are taken from the Second Amended Complaint ("SAC") and are assumed to be true solely for purposes of adjudicating Defendant's motion.  *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir. 2023).[1]

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo" or "Plaintiff") is the holder of a loan made on or about June 19, 2019, to the Defendants, in the original principal amount of $481,000,000.00 ("Loan").  *See* Compl. ¶¶ 1, 57, 60, 68-72.  Under the terms of the relevant loan agreements, the obligations of each Borrower Defendant are secured by various mortgages,

---

[1] In all quotations from cases, internal quotation marks, brackets, ellipses, citations, footnotes, and other modifications are omitted.  All references to Rules are to the Federal Rules of Civil Procedure.

deeds of trust or deeds to secure debt encumbering various properties located throughout the United States (collectively, the "Properties"). *See id*. ¶ 61. Plaintiff alleges that the Loan matured on July 9, 2022 ("Maturity Date") but has not been repaid, *see id*. ¶¶ 75-78, and further alleges that the Properties are mismanaged.

Following default, the parties entered in a Forbearance and Loan Modification Agreement, dated as of June 5, 2023 ("Forbearance Agreement"). *See id*. ¶ 81. In the Forbearance Agreement, Plaintiff agreed to temporarily refrain from exercising its foreclosure and receivership remedies with respect to the Properties to allow Borrower Defendants to complete efforts to sell the Properties and repay the Loan in full. *Id*. Under the terms of the Forbearance Agreement, Defendants were required to deposit and maintain a reserve of $1.7 million (the "Forbearance Reserve Deficit"). *See id*. ¶ 86.

Defendants move to dismiss the second cause of action, titled "Cure of the Forbearance Reserve Deficit," *see id*. ¶¶ 130-134, which alleges that Defendants have breached this obligation, and seeks "specific performance of the Forbearance Agreement, including requiring the Defendants, jointly and severally, to deposit $1,700,000.00 with Plaintiff to replenish the Forbearance Reserve Funds." *Id*. ¶ 134.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id*. at 106-07. However, the court

must disregard any "conclusory allegations, such as formulaic recitations of the elements of a cause of action." *Id.* at 107 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

Defendants argue that Plaintiffs cannot seek specific performance in this case, citing to case law holding that equitable remedies are only available where a plaintiff can demonstrate that a remedy at law would be inadequate. *See* Defs.' Mem. Supp. Mot. to Dismiss 2, ECF No. 65 (citing, *inter alia*, *Lucente v. International Bus. Machines Corp.*, 310 F.3d 243 (2d Cir. 2002)). In essence, Defendants argue that this is an ordinary breach of contract case, and that there is no reason why money damages would be inadequate to make Plaintiff whole. *See id.*

As Plaintiff notes, Defendants do not dispute that Plaintiff has adequately stated a claim for breach of the Forbearance Agreement. *See* Pl.'s Opp'n to Mot. to Dismiss 5, ECF No. 77 ("Opp'n"). The appropriate remedy for breach of contract is to protect the non-breaching party's "expectation interest" by putting them in the position they would have occupied absent the breach. Restatement (Second) of Contracts § 344. "There are two primary remedies for breach of contract: an award of damages or an order for specific performance. Money damages are the preferred remedy." *India Globalization Cap., Inc. v. Apogee Fin. Invs., Inc.*, No. 21 Civ. 1131, 2022 WL 671172, at *6 (S.D.N.Y. Mar. 4, 2022) (citing *United States v. Winstar Corp.*, 518 U.S. 839, 885 (1996) (plurality op.); *Sokoloff v. Harriman Ests. Dev. Corp.*, 96 N.Y.2d 409, 415 (2001)). In determining whether an equitable remedy like specific performance is appropriate, the question is whether the legal remedy of damages is adequate—and in making that determination, "the guiding consideration is the difficulty of proving damages with reasonable certainty." *Edge Grp. WAICCS LLC v. Sapir Grp. LLC*, 705 F. Supp. 2d 304, 313 (S.D.N.Y. 2010); *see also Sokoloff*, 96 N.Y.2d at 415 ("In determining whether money damages would be

an adequate remedy, a trial court must consider, among other factors, the difficulty of proving

damages with reasonable certainty and of procuring a suitable substitute performance with a

damages award.").

Here, as Plaintiff notes, it is not seeking "an unconditional money damage award of $1.7

million," but rather an order "compel[ling] Borrower Defendants to maintain $1.7 million of

Forbearance Reserve Funds in a Debt Service Account, which is subject to restrictions on its

use," and requiring them "to replenish this reserve whenever it falls below $1 million." Opp'n 6.

Thus, Plaintiffs argue, "a simple damage award of $1.7 million does not adequately address

Borrower Defendants' refusal to comply with its contractual obligations." *Id.*

In cases where plaintiffs allege a breach of contract claim and also a separate cause of

action for "specific performance," courts often dismiss the separate "specific performance" claim

as duplicative of the breach of contract claim, but without prejudice to the plaintiffs' ability to

seek specific performance as a remedy. *See, e.g.*, *RJ Cap., S.A. v. Lexington Cap. Funding III,*

*Ltd.*, No. 10 Civ. 25, 2011 WL 3251554, at *16 (S.D.N.Y. July 28, 2011) (dismissing plaintiff's

claim for specific performance without ruling whether specific performance was an applicable

remedy to the separately-pled breach of contract claim); *Tierney v. Omnicom Grp. Inc.*, No. 06

Civ. 14302, 2007 WL 2012412, at *10 (S.D.N.Y. July 11, 2007) (dismissing plaintiff's claim for

specific performance without prejudice so that plaintiff retains the right to request specific

performance as a remedy for any claims that survive the motion to dismiss). Following the basic

logic of those cases, the Court declines, at this stage of the proceedings, to preclude Plaintiff

from seeking specific performance as a remedy on its breach of contract claim. It may ultimately

be the case that the total amounts Defendants owe Plaintiff on the Forbearance Agreement can be

reduced to a sum certain that can easily be translated to a simple money damages award. But

such an amount is not clear at present, and may not be at the time of judgment, if judgment is eventually issued in Plaintiff's favor. Accordingly, Defendants' motion to dismiss is **DENIED** without prejudice to renewal.

## CONCLUSION

For the reasons given above, Defendants' motion to dismiss is **DENIED** without prejudice to renewal.

The Clerk of Court is respectfully directed to close ECF No. 65.

SO ORDERED.

Dated: September 13, 2024
        New York, New York

DALE E. HO
United States District Judge