UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>                        Plaintiff,<br><br>          v.<br><br>BARRINGTON PARK OWNER LLC, et al.,<br><br>                        Defendants. | 23-CV-9972 (DEH)<br><br>**<u>ORDER</u>** |

DALE E. HO, United States District Judge:

    On September 6, 2024, the Court-Appointed Receiver, filed a motion to compel: (1) Joseph Chetrit and Meyer Chertrit (the "Chetrits") documents and appear for a deposition, and (2) Shadow Creek Owner, LLC ("Shadow Creek") to produce documents. *See* ECF No. 105. The Chetrits are principals of Defendant Shadow Creek, the borrower that disputes that Tract 2 is part of the Receivership Estate. On the same day, Plaintiff filed a letter-motion requesting a conference and motion to compel Defendants' responses to Plaintiff's First Request of Production of Documents and Interrogatories. *See* ECF No. 106. Defendant Shadow Creek and Defendants filed its respective letters in opposition on September 12, 2024. *See* ECF No. 109 (in response to ECF No. 105) and ECF No. 110 (in response to ECF No. 106). The Court considers each request in turn. The Court **GRANTS the** Receiver's motion to compel, *see* ECF No. 105; and **GRANTS** Plaintiff's motion to compel, *see* ECF No. 106.

    Motions "to quash a subpoena are . . . entrusted to the sound discretion of the district court." *In re Fitch Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (per curiam). Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the . . . the importance of discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). And "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see In Re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (stating that the district court has "wide latitude to determine the scope of discovery.").

As the Court stated in its June 26, 2024 Order, *see* ECF No. 91, the Court determines it is appropriate to obtain discovery as to the scope of the Receivership Estate. For substantively the reasons in the Court's June 26, 2024 Order, *see* ECF No. 91, the Receiver's letter, *see* ECF No. 105, and the Plaintiff's letter, *see* ECF No. 106, the Court **GRANTS** the Receiver's and Plaintiff's motions to compel.

It is hereby **ORDERED** that:

1. Defendants shall respond to Plaintiff's First Request of Production of Documents and Interrogatories served in March 2024, by September 19, 2024;

2. Joseph Chetrit and Meyer Chetrit shall produce documents in response to the subpoenas served on them on July 18, 2024, by September 19, 2024;

3. Joseph Chetrit and Meyer Chetrit shall appear for deposition via Zoom regarding the topics stated in their respective subpoenas on a mutually-agreed date on or before September 30, 2024; and

4. Shadow Creek shall produce documents in response to the Request for Production of Documents served on them on July 1, 2024, be September 19, 2024.

The Clerk of Court is respectfully directed to close ECF Nos. 105, 106.

SO ORDERED.

Dated: September 13, 2024
New York, New York

*(signature)*

DALE E. HO
United States District Judge
